UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD E. OGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-0556-TWP-MJD |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| WORKFORCE DEVELOPMENT, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant Indiana Department of Workforce Development's ("IDWD") Motion to Dismiss, and the parties' various oppositions and replies thereto. The Plaintiff, Ronald E. Ogle ("Mr. Ogle"), filed suit alleging discrimination on the basis of religion, in violation of Title VII of the Civil Rights Act of 1964. For the reasons set forth below, IDWD's Motion to Dismiss (Dkt. 11) is **GRANTED**.

## I. BACKGROUND

### A. Factual History

On or about June 2006, Mr. Ogle was hired as a "merit" employee by IDWD in Columbus, Indiana, occupying the position of Community Employment Specialist 3 within the Disabled Veteran Outreach Program. On November 10, 2010, Mr. Ogle forwarded an email to several individuals, including co-workers, consisting of a picture of a barbecue restaurant named "Little Pigs Genuine Pit." The restaurant's marquee featured in the picture contained the words, "Safest Restaurant on Earth, No Muslims Inside." Also included in the email was Mr. Ogle's comment, "I think this is wonderful," referring to the message contained in the restaurant's marquee and that Mr. Ogle thought the cartoon was funny. (Dkt. 6 ¶¶ 28-29). Several IDWD

employees found the email and Mr. Ogle's comment offensive, and complained to management. That same day, Mr. Ogle was notified about a predeprivational hearing, to be held two days later, where it was ultimately decided that Mr. Ogle would be terminated for forwarding the offensive email. The predeprivation Officer, Joe Skelton, determined that termination was warranted because Mr. Ogle had violated the State of Indiana's Information Resources Use Agreement. Termination became effective on December 12, 2010, after a thirty day unpaid suspension.

Prior to the controversy that gave rise to the claim, Mr. Ogle had no disciplinary incidents and had satisfactory reviews for 2008 and 2009. Following Mr. Ogle's termination, two other IDWD employees forwarded emails with cartoons about various religions, other than Islam, and were accused of violating the State of Indiana's Information Resources Use Agreement. Although both employees involved in the distribution of those emails had previous disciplinary incidents, they only received five-day unpaid suspensions, and were allowed to return to work.

**B.     Procedural History**

In January 2011, Mr. Ogle began a merit complaint process, contesting his termination. The administrative process lasted until October 17, 2012, at which time the State Employees' Appeals Commission ("SEAC") issued an order rescinding Mr. Ogle's termination and reinstating him to his previous position with back pay. IDWD's subsequent motion to correct errors was denied by SEAC on December 6, 2012, and IDWD's right to appeal expired on January 5, 2013.

On April 3, 2013, Mr. Ogle filed this action in the United States District Court for the Southern District of Indiana. Then, on April 10, 2013, Mr. Ogle filed an EEOC Form 5, Charge of Discrimination, with the Equal Employment Opportunity Commission ("EEOC"), who subsequently issued Mr. Ogle a Notice of Right to Sue on June 12, 2013. The Notice of Right to

Sue allowed Mr. Ogle to file a civil action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, within ninety days from his receipt of notice. On June 13, 2013, Mr. Ogle filed his First Amended Complaint seeking compensatory damages for IDWD's alleged violation of his First Amendment rights and for religious discrimination under Title VII. Since filing the amended complaint, Mr. Ogle has voluntarily withdrawn his First Amendment claim. IDWD now seeks dismissal of Mr. Ogle's claim of religious discrimination under Title VII.

## II. STANDARD OF REVIEW

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. DISCUSSION

In its Motion to Dismiss, IDWD argues that Mr. Ogle did not allege any facts suggesting that he was discriminated against based on his own religion; therefore, Mr. Ogle failed to state a claim upon which relief may be granted under Title VII. Furthermore, IDWD argues that, even if Mr. Ogle has a valid claim, he has failed to bring that claim forward within the applicable

statute of limitations, therefore dismissal is proper. Mr. Ogle maintains that IDWD discriminated against him on the basis of his religion, and also contends that a disparate impact, created by IDWD's employment policy, is sufficient to establish a claim under Title VII. With respect to IDWD's statute of limitations argument, Mr. Ogle concedes that he filed his EEOC Charge of Discrimination outside of the time allotted by the statute of limitations, but asks the Court to equitably toll the filing time, beginning when he exhausted his administrative relief process. The Court is not persuaded because Mr. Ogle has not alleged any facts upon which relief may be granted under Title VII. Furthermore, the Court finds that equitable tolling of the filing time is not available for Mr. Ogle. Thus, IDWD's Motion to Dismiss is **GRANTED**.

**A.     The email sent by Mr. Ogle was not an expression of his religious beliefs; therefore, Mr. Ogle failed to state a claim under which relief may be granted pursuant to Title VII.**

IDWD seeks to dismiss Mr. Ogle's claim, brought pursuant to Title VII, for failure to state a claim upon which relief may be granted. Mr. Ogle contends that IDWD violated Title VII when IDWD terminated him for forwarding an email to several other employees that contained offensive remarks about Islam. Mr. Ogle maintains that the email was an expression of an aspect of his religious beliefs. As such, dismissal of the claim, according to Mr. Ogle, would be improper.

Title VII provides that it is unlawful for an employer to "discharge any individual . . . because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). "The term 'religion' includes all aspects of religious observance and practice, as well as belief . . . ." 42 U.S.C. § 2000e(j). The Court agrees with the IDWD's contention that Mr. Ogle has not alleged any facts to suggest that he was discriminated against on the basis of his religion or religious beliefs. Mr. Ogle was terminated for allegedly violating the Information Resources

4

Use Agreement. After an administrative hearing, the SEAC found that the Mr. Ogle's action did not warrant termination and ordered him reinstated to his prior position. While Mr. Ogle's initial termination may have been erroneous, it does not follow that he was terminated on the basis of his religious beliefs.

The email that Mr. Ogle sent, despite referencing a religion, did not make any claim to Mr. Ogle's religion or his beliefs. In fact, the record shows that Mr. Ogle has not specified that he is a member of any particular religion at all. The court in *Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931, 934 (7th Cir. 2003) noted that, "[i]t is difficult to see how an employer can be charged with discrimination on the basis of an employee's religion when [the employer] doesn't know the employee's religion." Here, not only was the email sent by Mr. Ogle not an expression of his religious belief, but the record is absent of any facts indicating that the employers were aware of what religion, or lack of religion, Mr. Ogle identified with. Rather, Mr. Ogle's email was simply a poorly calculated joke that some people found offensive, and although it may not have warranted termination, it also does not warrant protection under Title VII. Mr. Ogle has not presented, and the Court is not able to find, any Title VII precedent in this Circuit that protects an employee who makes derogatory comments about another religion.

Furthermore, Mr. Ogle's comment in the email, "I think this is wonderful," and his subsequent statement affirming that he thought the cartoon was funny, further bolsters IDWD's claim that Mr. Ogle's email did not contain an expression of his religious beliefs. The restaurant's marquee was undoubtedly an attempt to suggest that Muslims are dangerous people. The cartoon proposes that Muslims would not be found inside a restaurant that frequently serves pork dishes because people who are Muslim refrain from eating pork. Thus, the restaurant, according to the cartoon, would consequently be safer. Certainly, such a proposition would be

offensive to both a Muslim and a non-Muslim person, regardless of whether or not Mr. Ogle thought it was "wonderful." Mr. Ogle cannot first state that he sent the email because of its perceived comedic value, and then claim that that it was actually an expression of his religious beliefs. This Court finds that the email Mr. Ogle sent is not protected by Title VII because it was not an expression of his religious beliefs.

**B.     Mr. Ogle failed to state a claim of disparate impact on the basis of religion.**

Next, Mr. Ogle claims even if the Court finds that 42 U.S.C. § 2000e-2(a)(1) requires that discrimination be based on an individual's own religion, a showing of disparate impact based on religion, not necessarily one's own religion, is sufficient to support a claim under Title VII; therefore, IDWD's motion to dismiss cannot be granted. Mr. Ogle supports his claim for disparate impact by alleging that two other IDWD employees, who violated the Information Resources Use Agreement, were disciplined less harshly and were allowed to return to work after receiving short suspensions.

Title VII provides that "an unlawful employment practice based on disparate impact is established under this subchapter only if a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2(k)(1)(A)(i). Mr. Ogle argues that statutory interpretation rules require the court to give a different meaning to similar language if that language varies between provisions. Here, according to Mr. Ogle, the claims of disparate impact "are not limited to an individual's personal religion, rather a showing of disparate impact based upon religion in general is sufficient." Dkt. 14 at 7. However, "[f]or disparate impact claims, a plaintiff must establish that a particular employment practice causes a disparate impact on a member of a protected class." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012). As

6

discussed above, Mr. Ogle failed to state his religion or religious beliefs in both his complaint and in the email that was sent. Mr. Ogle has also not alleged that he was discriminated against based on his race, color, or national origin. Thus, he has failed to establish he was a member of a protected class and therefore, has failed to state a claim of disparate impact on the basis of religion.

C. **Even if Mr. Ogle's claim is sufficient to merit relief pursuant to Title VII, dismissal is appropriate because Mr. Ogle failed to bring his claim within the applicable statute of limitations.**

Finally, IDWD contends that Mr. Ogle's claim merits dismissal because the claim was brought well beyond the statutory limit. A discrimination claim, under Title VII, must be filed with the EEOC within 180 days of the acts complained of. 42 U.S.C. 2000e-5(e)(1). However, if the state where the action occurred has a state agency that handles state employee discrimination claims, then the claimant has 300 days to file the claim with the EEOC. 42 U.S.C. 2000e-5(e)(1); *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 935 (S.D. Ind. 2010). Indiana is one of the deferral states where the claimant has 300 days, rather than 180 days, to file a claim with the EEOC. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994). If a claimant does not file the charge with the EEOC within the specified time, a federal court has no jurisdiction over that claim under Title VII. *United Airlines v. Evans*, 431 U.S. 553, 558 (1977). When Mr. Ogle filed his charge of discrimination with the EEOC on April 10, 2013, a total of 850 days had elapsed since the alleged discriminatory act that was the basis of his complaint. Dkt. 6 at ¶¶ 16 and 32; Dkt. 11-1 at 9. This was well beyond the statutory period allowed by the law, and unless there are any factual disputes over the time elapsed, dismissal of the claim is proper.

7

Mr. Ogle, although conceding that 850 days passed from the time that he was terminated to the filing of the discrimination charge with the EEOC, argues that this Court should equitably toll the requirement of timely filing with the EEOC because he first exhausted his administrative remedies with the State of Indiana, beginning shortly after his termination on December 12, 2010. In order to adhere to the 300 day requirement, Mr. Ogle contends that he would have had to file the discrimination charge before exhausting all administrative remedies as a merit employee. To avoid a situation where a claimant is issued a notice of right to sue before the conclusion of the state administrative proceedings and is then forced to file a federal law suit while simultaneously pursuing administrative remedies, Mr. Ogle requests that this Court equitably toll the filing requirement.

First, exhaustion of administrative remedies through the SEAC was not a required prerequisite to filing a charge with EEOC. Mr. Ogle has correctly pointed out that, generally, a claimant must pursue administrative relief before access to state court is granted, if administrative relief is available. *Richmond State Hosp. v. Brattain*, 935 N.E.2d 212, 224 (Ind. Ct. App. 2010), *summarily aff'd on relevant grounds by*, 961 N.E.2d 1010 (Ind. 2012). However, what is relevant in Title VII cases is filing a charge with the EEOC within the required time frame. Moreover, Mr. Ogle admits that the remedies he seeks from this Court, pursuant to Title VII, were unavailable to him through the SEAC proceeding. Dkt. 6 at ¶ 44. Mr. Ogle was, therefore, not required to exhaust his state administrative duties before filing a claim with the EEOC.

In the event that the statutory period for filing a claim has passed, equitable tolling may be applied by the court when it would be proper, but such doctrines should be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-14 (2002). The doctrine of equitable

tolling should be "reserved only for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (quoting, *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984)). Additionally, the Court in *Threadgill* said that tolling may be allowed when the claimant has "been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Mr. Ogle has not alleged any good faith error, such as bringing the case to the wrong court. In fact, he did not bring the claim forward at all, despite being aware that he could not obtain the type of discrimination relief he sought through the administrative process. Mr. Ogle, therefore, knew or should have known, that it was necessary for him to submit a timely filing of the complaint to the EEOC for discrimination relief. There are also no allegations that the EEOC or IDWD engaged in any type of misconduct that would have prevented Mr. Ogle from bringing the claim forward in a timely fashion. The Court is, therefore, not inclined to equitably toll the timely filing requirement. Since there are no factual disputes over the time elapsed between the alleged discrimination and filing with the EEOC, and the discrimination charge was filed beyond the statutory limitation, this Court finds that dismissal of the claim is proper.

## IV. CONCLUSION

For the foregoing reasons, Defendant IDWD's Motion to Dismiss (Dkt. 11) is **GRANTED** and Mr. Ogle's claim is **DISMISSED with prejudice.**

**SO ORDERED.**

Date: 11/20/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

DISTRIBUTION:

Michael J. Cork
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
mcork@bamberger.com

Laura Lee Bowker
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Madhavi L. Menon
OFFICE OF THE INDIANA ATTORNEY GENERAL
madhavi.menon@atg.in.gov